ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
HASSAN HASSAN,

                  Plaintiff,

    - against -

WHOLE FOODS MARKET GROUP, INC.,

                  Defendant.
- - - - - - - - - - - - - - - - - -X

13 Civ. 6345 (LLS)

OPINION & ORDER

Plaintiff Hassan Hassan brings this action against Defendant Whole Foods Market Group, Inc. ("Whole Foods"), seeking damages for personal injuries sustained when he slipped and fell in the loading dock area of the Tribeca Whole Foods grocery store. Whole Foods moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion is denied.

**FACTS**

Unless otherwise stated, the following facts are taken from the plaintiff's declaration in opposition to defendant's motion for summary judgment (Dkt. No. 32).[1]

---

[1] In a summary judgment ruling, "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . . draw all reasonable inferences in [the non-movant's] favor.'". Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)) (alterations in original).

- 1 -

During the night of January 24-25, 2011, while making a delivery to the loading dock area of the Tribeca Whole Foods, Mr. Hassan slipped on a mixture of grease, ice, and snow while he was exiting his delivery truck.  At the time of the incident, Mr. Hassan was a truck driver employed by Lily Transportation.  His duties included delivering trailers from the warehouse to the supermarket, and before the incident, he made deliveries to the Tribeca Whole Foods about once a week.  Mr. Hassan testified that he was familiar with the receiving area but did not personally know any of the Whole Foods employees.

Mr. Hassan had driven from the warehouse in Cheshire, Connecticut to the Tribeca Whole Foods in New York City, arriving around or a little after midnight.  There were perhaps snow flurries as he drove to the supermarket; it was snowing heavily on his way back to Connecticut (Nocerino Decl. Exh. A ("Hassan tr.") at 121-22).  On the other hand, a weather report for New York City showed only light snow in Central Park, beginning around 7:30 a.m. the next morning, January 25 (Harrison Decl. Exh. N, O, P).

Mr. Hassan backed the truck up to the dock and the driver's side door was inside the receiving area.  On the right side of the truck was a dumpster for cardboard recycling, and to the left, a foot or two from the truck, were trash dumpsters.  Although Mr. Hassan had previously seen oil and grease on the

floor of the receiving bay, he did not recall seeing any that night.

Mr. Hassan slipped and fell upon exiting the delivery truck. He described his fall:

> Now, when I put my leg down, left leg, slipped, fell down halfway, and the other half was in the top of the stairs. So my behind was almost completely on the ground after I hit the dumpster with my head, and the dumpster moved actually from the hard of that hit. And after that, I released my hand, after, because my glass [sic: glasses?] even went away (indicating). I don't know if I had something in my head. I don't recall that. And when I realized I was on top of ice, snow and grease, all over my left hand and my pants.

Hassan tr. at 151:20-152:8.

\*   \*   \*

> Q. At the instant that you started to slip, did you know what caused you to slip?
>
> A. For me it looked like grease and ice. That's what I thought. Besides that, I -- I had the smell of that, the grease, on my pants all over, and on my hands, so that's why.
>
> Q. So can I ask, was it snow or ice or grease or all three that you slipped on?
>
> A. All together. It's a mix.

Id. at 159:13-22.

Mr. Hassan testified that there was "ice that was like covered with snow," and frozen slush with grease in the same area. Id. at 161:12, 162:3. He reported his fall to a Whole Foods employee named Jose, who was a night shift employee and at

the time of his fall was "inside the receiving area behind the trailer." Id. at 148:25-149:2.

Mr. Hassan also reported the incident to his supervisors upon returning to the Connecticut distribution center. He then drove to the emergency room to seek treatment for his injuries.

As a result of the fall, Mr. Hassan injured his head, wrist, arm, shoulder and leg, for which he claims damages, including medical expenses and lost wages.

## ANALYSIS

Summary judgment for the defendant in a slip and fall case is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury. In the seminal case involving constructive notice, the New York Court of Appeals granted summary judgment in defendant's favor when a plaintiff slipped and fell on a piece of paper on the front entrance steps of the Museum of Natural History (Gordon v. Am. Museum of Nat. History, 67 N.Y.2d 836, 838, 492 N.E.2d 774, 775, 501 N.Y.S.2d 646, 647 (1986):

> The record contains no evidence that anyone, including plaintiff, observed the piece of white paper prior to the accident. Nor did he describe the paper as being dirty or worn, which would have provided some indication that it had been present for some period of time (cf. Negri v. Stop & Shop, supra, at p. 626, 491 N.Y.S.2d 151, 480 N.E.2d 740 (broken baby food jars were dirty)). Thus, on the evidence presented, the piece of paper that caused plaintiff's fall could have

been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation.

However, summary judgment is denied when the plaintiff puts forward sufficient evidence of constructive notice to raise an issue for the jury. <u>Alexander v. Marriott Int'l, Inc.</u>, No. 01 Civ. 1124 (LMM), 2002 WL 1492125, at *1 (S.D.N.Y. July 11, 2002).

In this case, there are triable issues of fact regarding the length of time that snow, slush, and grease were present in the loading bay.

There are unresolved issues about the amount of snowfall in Tribeca before the accident, the sources of the ice and grease on Mr. Hassan's pants after he fell, and the reasonableness of inferences that could be drawn about whether such conditions had obtained long enough to give constructive notice of their presence.

Regardless of the specific amount of snow in Tribeca around midnight on January 24-25, 2011, there is evidence in the record that snow had been brought into the loading dock hundreds of times by delivery trucks coming in from outside. Nocerino Decl. Exh. D, Reynoso tr. at 34:9-35:8.

Mr. Reynoso testified that there were two or three large drums in the loading dock used to store the oil left over from the kitchen at the end of each night. Those drums were on the

right, near the dumpsters.  Mr. Reynoso used to see oil on the floor in the loading dock near the dumpsters.  Id. at 28:9.  He testified that there was sometimes grease on the floor, and that usually he would sweep or power-wash the area around the time of the daily pickup, which was usually between 9 p.m. and midnight.  Id. at 29:11-24.  Depending on the way Mr. Reynoso's testimony goes at trial, it may support a conclusion that the presence of oil and grease was chronic, and although usually washed by that time, persisted at the time of the accident.  Unlike the piece of paper in the Gordon case, it may not be pure speculation but a fair inference that the oil, grease, and snow on Mr. Hassan's pants had been in the area for an appreciable length of time before he fell.

Accordingly, summary judgment is denied.

## CONCLUSION

Defendant Whole Foods's motion for summary judgment (Dkt. No. 21) is denied.

So ordered.

Dated: New York, New York
       June 3, 2016

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.